```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                       CHARLOTTE DIVISION
                        3:05CV308-MU-2
```

```
JOHNNIE L. HEMMINGWAY,         )
     Plaintiff,                )
                               )
      v.                       )          ORDER
                               )
NORTH CAROLINA DEPARTMENT OF   )
  PAROLE AND PROBATION;        )
JOHN DOE, North Carolina Pro-  )
  bation Officer,              )
     Defendants.               )
_____)
```

**THIS MATTER** comes before the Court on plaintiff's civil rights action, purportedly brought under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), filed June 27, 2005. For the reasons stated herein, the instant action will be <u>dismissed</u>.

According to the plaintiff's filing, in September 2002, he was convicted of possession of a firearm and ammunition by a convicted felon (a violation of 18 U.S.C. §922(g)(1)) in the United States District Court for the District of South Carolina. On that occasion, the Court imposed a 63-month term of imprisonment. The plaintiff currently is serving his sentence at a federal penitentiary in Kentucky.

Regarding his allegations, the plaintiff claims that the N.C. Department of Parole and Probation and John Doe, N.C. Probation Officer violated his Eighth and Fourteenth Amendment

rights.  In particular, the plaintiff alleges that prior to the time of his 2002 firearm conviction, his most recent conviction was sustained in the Superior Court of Brunswick County in 1981. The plaintiff further maintains that under North Carolina law, his right to possess a firearm and ammunition should have been restored.  Consequently, the plaintiff claims that the defendants "failed to notify the clerk of the general court of justice...," presumably that his rights were restored.  Therefore, the plaintiff believes that he was erroneously prosecuted and convicted for the subject firearm offense due to the defendants' failure to take the subject action.

By way of relief, the plaintiff asks the Court to award him hundreds of thousands of dollars in compensatory damages.  Suffice it to say, however, the instant complaint must be <u>dismissed</u> for a number of significant reasons.

First, the plaintiff has brought this action under <u>Bivens</u>. However, the plaintiff clearly is attempting to sue an agency of North Carolina and one of its employees.  Thus, inasmuch as <u>Bivens</u>-type actions are reserved for allegations against federal officials, not State agencies or their employees, the plaintiff cannot proceed under <u>Bivens</u> against these two defendants.  <u>See generally</u>, <u>District of Columbia v. Carter</u>, 409 U.S. 418, 424-25 (1973).

Second, even if the plaintiff could bring this as a <u>Bivens</u>-

2

type action, the same still would be subject to dismissal for his absolute failure even to attempt to exhaust his administrative remedies with regard to his allegations. See 42 U.S.C. §1997e(a). Indeed, the plaintiff admittedly did not pursue any administrative remedies regarding his allegations because he erroneously believed that "this is a civil matter of constitutional violation that only can be address[ed] via [the] court."

Third, to the extent that the plaintiff's allegations would necessarily imply the invalidity of his conviction and sentence, he is barred from bringing this action under the instant facts. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). That is, before an action can be brought for damages for harms allegedly caused by actions whose unlawfulness would render a conviction or sentence invalid, the plaintiff must prove that the underlying conviction or sentence either was: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal authorized to make such a determination, or (4) called into question by a federal court's issuance of a §2254 writ--none of which events does the plaintiff here allege.

Finally, it has not escaped the Court's attention that the gist of the plaintiff's claim is erroneous. To be sure, the plaintiff claims that the defendants failed to take action to ensure that his right to possess a firearm and ammunition was restored five years after he completed his sentence for his 1981

3

conviction for unlawful escape; and that had the defendants taken the necessary action to restore his firearms rights, he never would have been prosecuted for the federal firearm offense. However, such claim simply ignores the fact that North Carolina--the State in which the plaintiff's 1981 escape conviction was sustained--changed its laws regarding the restoration of firearms rights. Indeed, prior to 1995, a convicted felon would have had his firearm rights automatically restored five years after the completion of his sentence. However, in 1995, North Carolina enacted a lifetime ban on the possession of firearms and ammunition by convicted felons. United States v. Farrow, 364 F.3d 551, 556 (2004) (noting North Carolina's 1995 lifetime ban on possession of firearms and ammunition by convicted felons, and that such ban does not violate the Constitution's Ex Post Facto Clause). Therefore, the defendants cannot possibly be liable to the plaintiff for having failed to take any action to ensure the restoration of his firearms rights.

Based upon the foregoing, it is abundantly clear that the plaintiff's purported Bivens action must be dismissed in its entirety.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's Bivens complaint is **DISMISSED.**

**SO ORDERED.**

**Signed: July 25, 2005**

*[signature]*

Graham C. Mullen
Chief United States District Judge